No. 13-6864

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**UNITED STATES OF AMERICA,**

*Plaintiff-Appellee,*

v.

**ANTWAINE LAMAR MCCOY,**

*Defendant-Appellant.*

On Appeal From The United States District Court
For The Western District Of North Carolina

**OPENING BRIEF OF DEFENDANT-APPELLANT
ANTWAINE LAMAR MCCOY**

Michael L. Rosenthal
David D. Metcalf
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-6000

*Counsel for Defendant-Appellant*

July 14, 2014

# TABLE OF CONTENTS

**Page**

JURISDICTIONAL STATEMENT ................................................................. 1

STATEMENT OF THE ISSUES PRESENTED ........................................... 1

STATEMENT OF THE CASE ....................................................................... 1

STATEMENT OF FACTS .............................................................................. 4

SUMMARY OF THE ARGUMENT ............................................................. 8

STANDARD OF REVIEW ........................................................................... 11

ARGUMENT .................................................................................................. 11

I.    McCoy's Trial Counsel Provided Ineffective Assistance By Failing To Object To The Use Of McCoy's Prior Controlled Substance Convictions To Enhance McCoy's Sentence On The Grounds That The Convictions Were Constitutionally Invalid ........................................... 11

    A.    McCoy's Prior Controlled Substance Convictions Were Obtained in Violation of the Double Jeopardy Clause ...................... 12

    B.    McCoy's Trial Counsel Provided Ineffective Assistance by Failing to Challenge the Use of McCoy's Constitutionally Invalid Convictions as Predicates for McCoy's Designation as a Career Offender ................................................................................. 14

    C.    McCoy's Trial Counsel Provided Ineffective Assistance by Failing to Challenge Use of McCoy's Constitutionally Invalid Convictions as Predicates for McCoy's Designation as an Armed Career Criminal .................................................................... 19

II.   At A Minimum, This Court Should Remand This Case For A Hearing ...... 23

III.  Conclusion ........................................................................................... 25

REQUEST FOR ORAL ARGUMENT ...................................................... 26

CERTIFICATE OF COMPLIANCE .......................................................... 27

CERTIFICATE OF SERVICE .................................................................... 28

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Buckner v. Polk*,
453 F.3d 195 (4th Cir. 2006) ..............................................................18

*Custis v. United States*,
511 U.S. 485 (1994)......................................................................20, 21

*Daniels v. United States*,
532 U.S. 374 (2001)...........................................................9, 17, 20, 21

*Glover v. Miro*,
262 F.3d 268 (4th Cir. 2001) ..............................................................18

*Glover v. United States*,
531 U.S. 198 (2001)......................................................10, 18, 19, 24

*Lynn v. West*,
134 F.3d 582 (4th Cir. 1998) ......................................8, 12, 14, 16, 17

*Rompilla v. Beard*,
545 U.S. 374 (2005)................................................................9, 18, 23

*Smith v. United States*,
871 F. Supp. 251 (E.D. Va. 1994) .....................................................19

*State v. Ballenger*,
472 S.E.2d 572 (N.C. Ct. App. 1996)................................................21

*Strickland v. Washington*,
466 U.S. 668 (1984)...........................................9, 17, 18, 19, 23, 24

*United States v. Anderson*,
No. 98-4658, 2000 WL 620308 (4th Cir. May 15, 2000) ............12, 22

*United States v. Avery*,
395 F. App'x 72 (4th Cir. 2010) ...................................8, 12, 14, 15, 16

*United States v. Bacon*,
94 F.3d 158 (4th Cir. 1996) ........................................................16, 17

*United States v. Brandon*,
363 F.3d 341 (4th Cir. 2004) .......................................................8, 14, 15, 16, 17

*United States v. Darity*,
400 F. App'x 786 (4th Cir. 2010) ........................................................16

*United States v. Johnson*,
37 F. App'x 599 (4th Cir. 2002) .......................................................8, 24

*United States v. Luck*,
611 F.3d 183 (4th Cir. 2011) ............................................................11

*United States v. Magini*,
973 F.2d 261 (4th Cir. 1992) ............................................................24

*United States v. Nicholson*,
475 F.3d 241 (4th Cir. 2007) ............................................................11

*United States v. Smith*,
497 F. App'x 269 (4th Cir. 2012) ........................................................19

*United States v. Ursery*,
518 U.S. 267 (1996).......................................................................12

*United States v. Young*,
644 F.2d 1008 (4th Cir. 1981) ...........................................................24

*Vick v. Williams*,
233 F.3d 213 4th Cir. 2000)..............................................................22

*Whiteside v. United States*,
748 F.3d 541 (4th Cir. 2014) ........................................................10, 19, 21, 22

## STATUTES

28 U.S.C. § 1291 .........................................................................1

28 U.S.C. § 2253 .........................................................................1

28 U.S.C. § 2255 .....................................................................11, 12, 30

**UNITED STATES SENTENCING GUIDELINES**

U.S.S.G. § 4A1.2...........................................................................15, 16, 23

U.S.S.G. § 4B1.1.................................................................................5, 15

## JURISDICTIONAL STATEMENT

This case involves a motion to vacate, set aside or correct a sentence of imprisonment imposed by the United States District Court for the Western District of North Carolina on Antwaine Lamar McCoy. The district court had jurisdiction over this case pursuant to 28 U.S.C. § 2255. The district court denied McCoy's motion on July 12, 2012, and denied McCoy's motion for reconsideration on March 27, 2013. JA 6-7. McCoy filed a timely notice of appeal on May 28, 2013. *Id.* at 7. This Court granted McCoy's motion for a certificate of appealability on April 23, 2014. *Id*. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253.

## STATEMENT OF THE ISSUES PRESENTED

I.    Whether McCoy's trial counsel rendered ineffective assistance by failing to challenge the use of two prior state court convictions to enhance McCoy's federal sentence on the grounds that those convictions were obtained in violation of the Double Jeopardy Clause.

II.    Whether the district court erred in failing to conduct a hearing on McCoy's ineffective assistance claim.

## STATEMENT OF THE CASE

On April 29, 2003, McCoy was charged in a six-count indictment by a grand jury sitting in the Western District of North Carolina. The charges involved possession with intent to distribute cocaine and cocaine base, possession of a firearm in relation to a drug trafficking crime, and possession of a firearm by a convicted felon. JA (Vol. II) 12. On or about August 13, 2003, the government

1

filed an Information pursuant to 21 U.S.C. §§ 841 and 851, notifying McCoy that it would rely upon two prior controlled substance convictions by a North Carolina court to seek an enhanced sentence. *Id.* at 13.

On April 28, 2004, McCoy entered into a Plea Agreement in which he agreed to plead guilty to one count of possession with intent to distribute cocaine base under 21 U.S.C. § 841(a)(1) and one count of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). J.A. (Vol. II) 1-3. As part of his Plea Agreement, McCoy stipulated that his criminal history qualified him as an Armed Career Criminal and that he would be sentenced to a minimum of 15-years. *Id.* at 2. However, as a result of McCoy's prior controlled substance convictions and a statutory enhancement under § 841, and after a three level reduction for acceptance of responsibility, the presentence report concluded that the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") provided for a range of 262 to 327 months' imprisonment. *Id.* at 17-19. On February 14, 2005, the district court adopted the findings in the presentence report and sentenced McCoy to 262 months' imprisonment. J.A. 36, 53. Judgment was entered on March 15, 2005. *Id.* at 57-61.

McCoy filed a notice of appeal on August 10, 2005, which this Court dismissed as untimely. *McCoy v. United States*, No. 05-4865 (4th Cir. Jan. 18, 2006). McCoy then asked the district court to vacate the prior judgment on the

ground that defense counsel failed to file an appeal despite his request, and the district court entered a new judgment from which an appeal could be taken. *United States v. McCoy*, 3:03-CR-313 (W.D.N.C. Aug. 3, 2006). On appeal, appointed counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), submitting no issues for appeal but questioning whether counsel provided ineffective assistance by failing to contest the use of McCoy's prior controlled substance convictions to enhance McCoy's sentence on double jeopardy grounds. This Court dismissed McCoy's appeal because "his ineffective assistance of counsel claim is not cognizable on direct appeal." *United States v. McCoy*, 227 F. App'x 301, 302 (4th Cir. 2007).

On July 31, 2006, McCoy filed a Section 2255 motion alleging that his trial counsel provided ineffective assistance by, *inter alia*, failing to object to the use of his prior controlled substance convictions to enhance his sentence, as both convictions were obtained in violation of the Fifth Amendment's Double Jeopardy Clause. JA 64-69. Specifically, McCoy argued that, prior to each conviction, he had already been criminally penalized because North Carolina had assessed, and he had partially paid, North Carolina's Controlled Substance Tax ("Drug Tax") for the very same drugs involved in his convictions. *Id.* at 79-83.

On March 27, 2013, without holding a hearing, the district court dismissed the Section 2255 motion on the basis that two tax collection warrants appended to

3

McCoy's brief purportedly showed that McCoy "was clearly convicted prior to being assessed with a tax by the North Carolina Department of Revenue." JA 152.

On April 23, 2014, this Court granted a certificate of appealability on a single issue: "whether counsel rendered ineffective assistance by failing to argue that two of McCoy's prior controlled substance convictions, used to enhance his federal sentence, were obtained in violation of the Double Jeopardy Clause." JA 197.

## STATEMENT OF FACTS

On September 25, 1992, North Carolina police arrested McCoy for possession with intent to sell cocaine. On the same day, the North Carolina Department of Revenue assessed a penalty of $1,950 against McCoy pursuant to the Drug Tax, and North Carolina revenue enforcement agents seized assets from McCoy as partial payment of the Drug Tax. JA 125. On December 4, 1992, several months after assessment and partial payment of the Drug Tax, McCoy was convicted in a North Carolina court for possessing the very same drugs for which he had been taxed. *Id.* at 126-27. A similar sequence of events transpired several months later. On April 28, 1993, North Carolina police arrested McCoy for cocaine possession, McCoy was assessed a penalty of $2,800 under the Drug Tax, and revenue agents once more seized assets from McCoy in partial payment of the Drug Tax. *Id.* 128. On July 19, 1993, several months after assessment and partial

4

payment of the Drug Tax, McCoy was convicted in a North Carolina court for possessing the very same drugs for which he had been taxed. *Id.* 129-30.

The conviction directly giving rise to this case stems from a six-count indictment handed down by a federal grand jury for the Western District of North Carolina on April 29, 2003.

Pursuant to a Plea Agreement on April 28, 2004, McCoy pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). JA (Vol. II) 1-2. Absent the prior North Carolina convictions, McCoy would have been assigned a base offense level of 28 under the Sentencing Guidelines. *Id.* at 16.

However, by relying on McCoy's prior North Carolina convictions, the government subjected McCoy to sentencing enhancements as an Armed Career Criminal under 18 U.S.C. § 924(e), which produced a base offense level of 34, and as a Career Offender under U.S.S.G. § 4B1.1, which produced a base offense level of 37. JA (Vol. II) 17.

McCoy's trial counsel never raised a double jeopardy objection at any point in the sentencing process. At the sentencing hearing, trial counsel did object to use of the controlled substance offenses as predicates for other sentence enhancements, but on the grounds that "notwithstanding the fact that [McCoy] pled guilty to

those, that he did not intend to sell or deliver the cocaine; that he intended to use it." JA 37. The Court rejected this objection as a "futile exercise." *Id*. The district court thus accepted the presentence report's recommendation that McCoy's prior controlled substance convictions qualified McCoy as an Armed Career Criminal and a Career Offender. Trial counsel's failure to raise a double jeopardy objection to use of McCoy's prior convictions ultimately resulted in McCoy's being assigned a guidelines range of 262 to 327 months, rather than 70 to 87 months.

On May 15, 2007, this Court dismissed McCoy's direct appeal based on ineffective assistance of counsel because the claim was "not cognizable on direct appeal." *United States v. McCoy*, 227 F. App'x 301, 302 (4th Cir. 2007).

On July 31, 2006, McCoy filed a Section 2255 motion alleging ineffective assistance on the grounds that, *inter alia*, his trial counsel failed to object to use of the prior North Carolina controlled substance convictions to enhance his sentence as both convictions were obtained in violation of the Fifth Amendment's Double Jeopardy Clause. JA 65-71. Specifically, McCoy argued that because he was assessed and had partially paid criminal penalties under the Drug Tax prior to each of the convictions, both convictions violated the Fifth Amendment. *Id*. at 79-83.

McCoy supported his Section 2255 motion by appending two tax collection warrants issued in connection with his prior convictions by the North Carolina Department of Revenue. JA 89-90, 125-30. The documents confirmed McCoy's

6

allegations that he had been assessed and had partially paid the Drug Tax on the dates of his arrests, September 25, 1992 and April 28, 1993, respectively, and that his subsequent convictions for those same offenses on December 4, 1992, and July 19, 1993, respectively, violated the Double Jeopardy Clause.

Both tax collection warrants state that the "tax assessment" occurred on the dates of McCoy's arrests. JA 89 ("Tax Assessment: September 25, 1992"); JA 90 ("Tax Assessment: April 28, 1993"). Both warrants also make clear that the assessments had been partially paid before the warrants were issued. *Id.* at 89 (reflecting past payment of $1,291); *Id.* at 90 (reflecting past payment of $183). Nevertheless, the district court summarily dismissed McCoy's motion on the patently incorrect grounds that McCoy's convictions had preceded the tax assessments. *Id.* at 150-52. The district court apparently arrived at this mistaken conclusion by focusing on the date the tax warrants were issued, rather than the tax assessment date plainly stated on the warrants. The district court also denied McCoy a hearing to present further factual documentation, finding "that this matter can be resolved without an evidentiary hearing based on the prior court record, and the documents and arguments presented by the parties." *Id.* at 148.

McCoy filed a notice of appeal on May 28, 2013, and moved for a certificate of appealability on July 26, 2013 on several issues. On April 23, 2014, this Court granted the motion for a certificate of appealability on one issue: "whether counsel

7

rendered ineffective assistance by failing to argue that two of McCoy's prior controlled substance convictions, used to enhance his federal sentence, were obtained in violation of the Double Jeopardy Clause." JA 197.

## SUMMARY OF THE ARGUMENT

This Court held in *Lynn v. West*, 134 F.3d 582 (4th Cir. 1998), that the Drug Tax constitutes a criminal penalty for purposes of the Double Jeopardy Clause. McCoy's two prior controlled substance convictions were obtained after McCoy had been assessed and had partially paid the Drug Tax on the very same drugs at issue in his subsequent convictions, and thus they were obtained in violation of the Double Jeopardy Clause. McCoy's trial counsel provided ineffective assistance by failing to raise double jeopardy challenges to the use of those convictions to enhance McCoy's sentence in two respects.

First, McCoy's trial counsel should have argued that McCoy's prior convictions were constitutionally invalid under *Lynn v. West*, and therefore they could not be used to designate McCoy as a Career Offender under the Guidelines. This Court has recognized that controlled substance convictions obtained after assessment and payment of the Drug Tax cannot serve as predicates for designating a defendant a Career Offender. *See United States v. Avery*, 395 F. App'x 72, 75 (4th Cir. 2010); *United States v. Brandon*, 363 F.3d 341, 345-46 (4th Cir. 2004); *see also United States v. Johnson*, 37 F. App'x 599, 601 (4th Cir. 2002)

8

(remanding case for district court to consider factual questions regarding the timing of a Drug Tax assessment as it related to defendant's designation as a Career Offender).

Second, McCoy's trial counsel should have challenged use of McCoy's prior convictions to designate McCoy as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e). While collateral attacks on prior convictions used to support the Armed Career Criminal enhancement are typically barred, the U.S. Supreme Court has recognized that they may be permissible when "no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Daniels v. United States*, 532 U.S. 374, 383 (2001). McCoy had no prior, available opportunity to raise his double jeopardy claims.

If McCoy's trial counsel had successfully pursued each challenge, McCoy would have been sentence based on a Guidelines range of 70 to 87 months.

In failing to raise double jeopardy challenges relating to McCoy's prior convictions, McCoy's trial counsel provided ineffective assistance: counsel's performance was deficient, and the deficient performance was prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Trial counsel's failure to pursue viable challenges to prior convictions used as predicates for sentence enhancements was objectively unreasonable. *See Rompilla v. Beard*, 545 U.S. 374, 383 (2005). Moreover, McCoy was plainly prejudiced because the results of the

sentencing proceeding would have been different: McCoy would have received a lower sentence. *See Glover v. United States*, 531 U.S. 198, 203 (2001); *Whiteside v. United States*, 748 F.3d 541, 544 (4th Cir. 2014).

At a minimum, this Court should vacate the district court's summary dismissal of McCoy's Section 2255 motion and remand this case for a hearing. Once McCoy filed his motion, the district court was required to grant a hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Here, the court never held a hearing. Instead, the court denied McCoy's motion based on the mistaken belief that McCoy had not been assessed the Drug Tax until "over three years after he was convicted of the underlying state drug offenses," and thus that McCoy's "argument that his state court drug convictions were obtained in violation of double jeopardy is without merit." JA 152. However, the district court's conclusion reflected a patently incorrect reading of the documents attached to McCoy's Section 2255 motion. In fact, the documents corroborate McCoy's statements in his motion that he was assessed the Drug Tax *before* his related controlled substance convictions. Accordingly, at a minimum, this Court should remand this case to allow the district court to address McCoy's ineffective assistance claim in the first instance.

10

**STANDARD OF REVIEW**

This Court may "vacate, set aside or correct" any sentence "imposed in violation of the Constitution or laws of the United States" or "in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). "In an appeal of the denial of a motion under § 2255, this Court reviews the district court's decisions of law de novo. The question of whether trial counsel provided ineffective assistance is a mixed question of fact and law which this Court reviews de novo." *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2011). "Because the district court denied relief without a hearing, it was not able to make findings of fact on disputed factual issues. . . . Thus, its ruling was in the nature of summary judgment." *United States v. Nicholson*, 475 F.3d 241, 248 (4th Cir. 2007). Accordingly, this Court reviews any disputed facts in the light most favorable to McCoy. *Id.*

**ARGUMENT**

**I.     McCoy's Trial Counsel Provided Ineffective Assistance By Failing To Object To The Use Of McCoy's Prior Controlled Substance Convictions To Enhance McCoy's Sentence On The Grounds That The Convictions Were Constitutionally Invalid**

McCoy's trial counsel provided ineffective assistance by failing to raise double jeopardy objections to use of McCoy's prior controlled substance convictions to enhance McCoy's sentence. McCoy's prior convictions were obtained in violation the Double Jeopardy Clause. This Court's precedent precludes use of such convictions as predicates for enhanced sentences. Trial

11

counsel's failure to pursue these viable double jeopardy claims constituted ineffective assistance counsel under *Strickland v. Washington*.

## A. McCoy's Prior Controlled Substance Convictions Were Obtained in Violation of the Double Jeopardy Clause

The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This "protection against multiple punishments prohibits the Government from punishing twice . . . for the same offense." *United States v. Ursery*, 518 U.S. 267, 273 (1996) (internal citations and quotations omitted).

This Court has previously held that the Drug Tax constitutes a criminal penalty for purposes of the Double Jeopardy Clause. *See Lynn*, 134 F.3d at 588-92. When the state has assessed and collected a portion of the Drug Tax against a defendant, any subsequent conviction for possessing the very same drugs constitutes double jeopardy, and "the conviction cannot be used as a predicate offense under § 841(b)(1)(A)" to enhance McCoy's sentence. *United States v. Anderson*, No. 98-4658, 2000 WL 620308 at *3-*4 (4th Cir. May 15, 2000).

Use of the unconstitutional conviction as a predicate for other sentence enhancements is also subject to challenge. *See Avery*, 395 F. App'x at 75 ("[As a consequence of *Lynn v. West*], the drug offense for which the drug tax was paid cannot be counted as a predicate offense toward a career offender designation.");

12

*Brandon*, 363 F.3d at 346 ("*Lynn* may require us to discount a drug conviction that the State of North Carolina continues to recognize as valid.").

McCoy's Section 2255 motion and supporting memorandum set out facts demonstrating that the controlled substance convictions used to enhance McCoy's sentence were obtained in violation of the Double Jeopardy Clause. Each conviction occurred after the State of North Carolina had already criminally punished McCoy through application of the Drug Tax. In the memorandum, McCoy stated that he had been assessed the Drug Tax on the date of each arrest and that each of the assessments had been partially paid with assets seized from him on the date of each arrest. JA 163-64. McCoy supported his statements by appending a "Warrant For Collection Of Taxes" relating to each conviction that had been issued by the North Carolina Department of Revenue. *Id.* at 89-90.

The Department of Revenue had issued the warrants in January 1996 to collect the unpaid portion of Drug Tax assessments associated with the prior convictions. The documents corroborated statements in McCoy's pleadings that North Carolina assessed the Drug Tax, and that the taxes were partially paid with money seized when McCoy was arrested, on September 25, 1992, and April 28, 1993—that is, several months before his convictions for the two incidents on December 4, 1992, and July 19, 1993, respectively. *See* JA 89 ("Per notice of

Control Substance Tax Assessment September 25, 1992"); JA 90 ("Per notice of Control Substance Tax Assessment April 28, 1993").

The district court erred in failing to recognize McCoy's meritorious claim that his prior controlled substance convictions were obtained in violation of the Double Jeopardy Clause. The court summarily dismissed McCoy's Section 2255 motion based on the mistaken belief that McCoy had not been "assessed" the North Carolina Drug Tax until the warrants were issued in January 2006. JA 151-52. However, this is plainly incorrect. The warrants were not the tax "assessments"; they were warrants for collection of the unpaid portion of taxes that previously had been "duly assessed." JA 89, 90. In fact, both warrants date the "Tax Assessment" on the day of McCoy's arrests. *Id*. Had the district court scrutinized McCoy's Section 2255 motion and supporting materials more carefully or held a hearing, the court would have recognized that McCoy's prior controlled substance convictions were obtained in violation of the Double Jeopardy Clause.

### B. McCoy's Trial Counsel Provided Ineffective Assistance by Failing to Challenge the Use of McCoy's Constitutionally Invalid Convictions as Predicates for McCoy's Designation as a Career Offender

McCoy's trial counsel should have challenged use of McCoy's prior controlled substance convictions to designate McCoy as a Career Offender under the Guidelines. This Court recognized in *United States v. Avery* and *United States v. Brandon* that *Lynn v. West* precludes use of a state court conviction obtained

14

after assessment and partial payment of the Drug Tax as a predicate for designating a defendant a Career Offender under the Guidelines. *See Avery*, 395 F. App'x at 75; *Brandon*, 363 F.3d at 345-46. *Brandon* had been decided prior to McCoy's sentencing in 2005. Trial counsel's failure to challenge the Career Offender designation was objectively unreasonable and substantially increased McCoy's sentence.

Trial counsel's failure was particularly unreasonable because the Guidelines provide for such a challenge. Under § 4B1.1, McCoy was designated a Career Offender because (1) he was at least eighteen years old at the time of his conviction; (2) the offense of conviction was a controlled substance offense; and (3) he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. JA (Vol. II) 17.[1] However, if McCoy's prior controlled substance offenses were not counted under § 4B1.1, McCoy would not have been designated a Career Offender.

Whether a prior conviction counts under § 4B1.1 is determined by reference to § 4A1.2. Application Note 6 to § 4A1.2 provides that prior convictions are not to be counted if they "have been ruled constitutionally invalid in a prior case." U.S.S.G. § 4A1.2, cmt. n.6. This Court addressed the relevant limits on

---

[1] In addition to his two prior controlled substance offenses, McCoy also had one prior felony conviction for what the presentencing report classified as a crime of violence.

15

constitutional challenges to predicate convictions based on § 4A1.2 most directly in *Brandon* and then later in *Avery*, which recognized that *Brandon* stands for the proposition that a "drug offense for which the drug tax was paid cannot be counted as a predicate offense toward a career offender designation." *Avery*, 395 F. App'x at 75. Both cases comport with this Court's earlier conclusion that the law restricts collateral challenges to predicate convictions supporting the Career Offender guideline only if a defendant "had not alleged that he was deprived of counsel *or any other constitutional right* in connection with the prior conviction." *United States v. Bacon*, 94 F.3d 158, 159 (4th Cir. 1996) (emphasis added). In *Brandon* and *Avery*, the challenge to the Career Offender designation involved prior convictions that were "ruled constitutionally invalid" in light of *Lynn v. West*.[2]

McCoy's trial counsel should have challenged McCoy's designation as a Career Offender on the grounds that his prior controlled substance convictions were "ruled constitutionally invalid" by this Court's determinations in *Lynn v. West* and elsewhere that such convictions violated the Double Jeopardy Clause. In addition, as discussed detail at pages 20-23 below, McCoy's trial counsel should have argued that any constraints on challenges to predicate convictions that were

---

[2] In *United States v. Darity*, 400 F. App'x 786 (4th Cir. 2010), this Court asserted in a two-page unpublished, per curiam decision that a defendant could not rely on *Lynn v. West* to collaterally attack prior convictions and avoid designation as a Career Offender. However, the Court did not address the apparent conflict with *Brandon* and *Avery*.

suggested by *Bacon* do not apply when—as in McCoy's case—"no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Daniels*, 532 U.S. at 383. However, there is no indication in the record that McCoy's trial counsel considered doing so. At sentencing, trial counsel instead argued that the prior convictions should not be used to determine Career Offender status because McCoy did not intend to sell or deliver the drugs at issue, JA 37, which was a fact-based challenge clearly precluded by *Bacon*, 94 F.3d at 159.

Trial counsel's failure to challenge the use of McCoy's prior controlled substance convictions on constitutional grounds was objectively unreasonable under "prevailing professional norms." *See Strickland*, 466 U.S. at 688. Trial counsel knew those convictions would be used as the basis for a substantial sentence enhancement because the calculations were set out in the presentence report. Given that counsel elected a meritless factual objection to McCoy's controlled substance convictions rather than the double jeopardy challenge validated by this Court in *Brandon* and elsewhere, this failure constituted deficient performance inasmuch as counsel's error can only be attributable to simple neglect or a failure to fully investigate the law or the facts. *See Rompilla*, 545 U.S. at 383 ("There is no need to say more, however, for a further point is clear an dispositive: the lawyers were deficient in failing to examine the court file on Rompilla's prior

17

conviction."); *Buckner v. Polk*, 453 F.3d 195, 202 (4th Cir. 2006) ("Counsel's conduct is generally presumed to be a reasonable strategic choice, but is not reasonable to the extent that the choice of strategy does not rely upon either a full investigation of the law and facts."); *Glover v. Miro*, 262 F.3d 268, 276 (4th Cir. 2001) (explaining that ignorance of the law rendered counsel's performance objectively unreasonable).

Finally, trial counsel's failure to challenge the validity of McCoy's prior convictions on double jeopardy grounds was prejudicial because "there is a reasonable probably that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Specifically, McCoy almost certainly would have received a shorter sentence, and prejudice exists when an error results in a longer sentence than would otherwise have been imposed. *See Glover*, 531 U.S. at 202-04 (holding that Sixth Amendment prejudice resulted from an asserted error that added six to 21 months to defendant's sentence).

Trial counsel's deficient performance had severe consequences for McCoy. If McCoy had not been designated as a Career Offender, his base offense level would have been 28, and his criminal history score would have been III, producing

18

an ultimate sentencing range of 70 to 87 months, instead of 262 to 327 months.[3]

Thus, McCoy almost certainly would have received a lower sentence. The high

probability that McCoy would have received a much lower sentence but for trial

counsel's deficient performance establishes prejudice under *Strickland*. *See*

*Glover*, 531 U.S. at 202-04; *United States v. Smith*, 497 F. App'x 269, 272 (4th

Cir. 2012) ("Prejudice exists when an error results in a longer sentence than would

otherwise have been imposed."); *Smith v. United States*, 871 F. Supp. 251, 256

(E.D. Va. 1994) ("Given that the sentencing court originally chose the bottom of

the guidelines range, it is likely that petitioner would have received a sentence

lower than the . . . sentence imposed."); *cf. Whiteside v. United States*, 748 F.3d

541, 544 (4th Cir. 2014) ("[T]he advisory nature of the Guidelines does not cure

the harm that results from utilizing an incorrect Guidelines range as a starting

point.").

### C. McCoy's Trial Counsel Provided Ineffective Assistance by Failing to Challenge Use of McCoy's Constitutionally Invalid Convictions as Predicates for McCoy's Designation as an Armed Career Criminal

McCoy's trial counsel also should have challenged use of McCoy's prior

controlled substance convictions to designate McCoy as an Armed Career

---

[3] The sentencing ranges assume that McCoy prevails on his claim that he should not have been designated an Armed Career Criminal, which is addressed in Part II.D.

Criminal. Defendants are typically foreclosed from collaterally attacking predicate state court convictions for the purposes of disputing their status as an Armed Career Criminal. *See Custis v. United States*, 511 U.S. 485, 491 (1994). However, the Supreme Court has identified an important potential exception to the general rule: those "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Daniels*, 532 U.S. at 383. McCoy's trial counsel should have recognized this was one of those rare cases. The sentencing proceeding was McCoy's first practical opportunity to assert his double jeopardy claims. Trial counsel's failure to challenge the Armed Career Criminal designation was objectively unreasonable and substantially increased McCoy's sentence.

Trial counsel should have recognized and pursued the avenue for relief identified in *Daniels*. Under § 4B1.4, McCoy was designated an Armed Career Criminal because he was convicted of an offense under 18 U.S.C. § 922(g) and he had three previous convictions for a violent felony or a serious drug offense or both, and thus was subject to an enhanced sentence under § 922(e). JA (Vol. II) 17. However, if McCoy's prior controlled substance offenses could not be considered, McCoy would not have been designated an Armed Career Criminal.

The argument identified in *Daniels* follows from the justification for prohibiting many collateral attacks on predicate convictions: the legal system

20

typically "affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction." *Daniels*, 532 U.S. at 381; *see also Custis*, 511 U.S. at 498. Specifically, defendants usually can "raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254." *Daniels*, 532 U.S. at 381. However, especially when a defendant lacked a feasible opportunity to challenge the constitutionality of a prior conviction, it would be fundamentally unfair to subject him to a significant sentence enhancement based on the unconstitutional conviction. Indeed, this Court recently recognized that "an erroneous application of the career offender enhancement provision amounts to a fundamental miscarriage of justice." *Whiteside*, 748 F.3d at 551.

In McCoy's case, state court relief from his unconstitutional controlled substance convictions was not "available." McCoy could not have successfully raised his double jeopardy claims in state court because North Carolina courts would have ruled that the Drug Tax is not a penalty for the purposes of the Double Jeopardy Clause. *See, e.g.*, *State v. Ballenger*, 472 S.E.2d 572, 574 (N.C. Ct. App. 1996). This Court recognized as much in *Anderson*:

> Anderson cannot be said to have waived his double jeopardy claim as it simply would have been futile for Anderson to have raised this claim in state court. Prior to Anderson's conviction on the drug charge, North Carolina courts had determined that the North Carolina

21

drug tax was not a criminal penalty for purposes of the Double Jeopardy Clause.

*Anderson*, 2000 WL 620308 at *3; *see also Whiteside*, 748 F.3d at 548 (recognizing "futility" as a valid justification for an incarcerated defendant not to exhaust all theoretical remedies to reverse or vacate his sentence). McCoy also had no prospect of obtaining federal habeas relief: this Court has upheld denial of a petition for a writ of habeas corpus raising a double jeopardy challenge to a state conviction following assessment of the Drug Tax. *See Vick v. Williams*, 233 F.3d 213, 214-15 (4th Cir. 2000) ("Whether in this Circuit's opinion the North Carolina Drug Tax is—or is not—a criminal penalty, the district court correctly denied Vick's petition for habeas relief because the state court's decision was neither contrary to, nor an unreasonable application of *Kurth Ranch*.").

McCoy's trial counsel should have challenged McCoy's designation as an Armed Career Offender at sentencing because, through no fault of his own, McCoy had no prior opportunity to challenge the constitutionality of his prior controlled substance convictions. Indeed, McCoy's trial counsel should have challenged McCoy's designation as a Career Offender on the same basis as, an alternative to arguments based on *Brandon*, *Avery*, and U.S.S.G. § 4A1.2. However, there is no indication in the record that McCoy's trial counsel considered doing so. Trial counsel's failure to challenge use of McCoy's prior controlled substance convictions in light of the avenue for relief identified in Daniels was objectively

22

unreasonable under prevailing professional standards. *See Strickland*, 466 U.S. at 688; *Rompilla*, 545 U.S. at 383.

Finally, trial counsel's deficient performance was prejudicial because "there is a reasonable probably that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. If McCoy had not been designated as an Armed Career Criminal, his base offense level would have been 28, and his criminal history score would have been III, producing an ultimate sentencing range of 70 to 87 months, instead of 262 to 327 months.[4] Thus, McCoy almost certainly would have received a lower sentence. The high probability that McCoy would have received a much lower sentence but for trial counsel's deficient performance establishes prejudice under *Strickland*. *See Glover*, 531 U.S. at 202-04.

## II.    At A Minimum, This Court Should Remand This Case For A Hearing

Once McCoy filed his Section 2255 motion, the district court was required to grant a hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Here, McCoy advanced non-frivolous allegations, corroborated by documentary evidence, that he is entitled to relief because his trial counsel provided ineffective

---

[4] The sentencing ranges assume that McCoy prevails on his claim that he should not have been designated a Career Offender, which is addressed in Part II.B.

assistance by failing to raise double jeopardy issues at the sentencing phase of his case. McCoy alleged that his two prior controlled substance convictions were obtained in violation of the Double Jeopardy Clause, and his allegation is corroborated by two tax collection warrants that McCoy appended to his motion. JA 89-90. The district court should have granted a hearing, but it did not because it misread the tax warrants: the court erroneously stated that they showed the Drug Tax was assessed after McCoy's convictions, *id.* at 151-52, even though the warrants show on their face that the Drug Tax was assessed prior to the convictions, *id.* at 89-90, 125-30.

If the government disputes any of the facts relevant to McCoy's ineffective assistance claim—*e.g.*, the timing of North Carolina's assessment of the Drug Tax on McCoy—the Court should remand this case for a hearing. *See United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992) ("When a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary."); *United States v. Young*, 644 F.2d 1008, 1013 (4th Cir. 1981) ("Section 2255 of Title 28 U.S.C. provides that unless the record conclusively shows that the prisoner is entitled to no relief, the district court should conduct an evidentiary hearing and state its findings and conclusions."); *cf. Johnson*, 37 F. App'x at 601 (remanding a direct appeal of a sentence where a factual question remained as to whether defendant's

24

prior state conviction violated double jeopardy due to prior assessment of the Drug Tax).

## III.   CONCLUSION

For the foregoing reasons, McCoy respectfully requests that this Court vacate his sentence and remand this case for resentencing under the applicable sentencing guidelines or vacate his sentence and remand this case for a hearing on his Section 2255 motion.

Respectfully submitted,

_____

Michael L. Rosenthal
David D. Metcalf
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
202-662-6000
202-662-6291 (facsimile)

*Counsel for Defendant-Appellant*
*Antwaine Lamar McCoy*

July 14, 2014

25

## REQUEST FOR ORAL ARGUMENT

Defendant-appellant Antwaine Lamar McCoy respectfully requests oral argument in this matter. McCoy submits that oral argument in this case would assist the Court in deciding the issues presented herein.

Respectfully submitted,

_____
Michael L. Rosenthal
David D. Metcalf
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
202-662-6000
202-662-6291 (facsimile)

*Counsel for Defendant-Appellant*
*Antwaine Lamar McCoy*

July 14, 2014

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**No.** 13-6864  **Caption:** United States v. Antwaine Lamar McCoy

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)

Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

**1. Type-Volume Limitation**: This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because this brief contains 6738 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

**2. Typeface and Type Style Requirements**: This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14 Point Times New Roman.

_____
Michael L. Rosenthal
David D. Metcalf
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
202-662-6000
202-662-6291 (facsimile)

*Counsel for Defendant-Appellant*
*Antwaine Lamar McCoy*

July 14, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July 2014, I filed with the Clerk's Office of the United States Court of Appeals for the Fourth Circuit, via overnight mail, the required copies of the foregoing Brief of Appellant and Joint Appendix and further certify that I served the required copies of the same via overnight mail this same date to the following:

Amy E. Ray
Assistant United States Attorney
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Telephone: (828) 271-4661
Amy.Ray@usdoj.gov
*Counsel for Plaintiff-Appellee*

Antwaine Lamar McCoy
No. 19345-058
FCI Petersburg Low
Federal Correctional Institution
Petersburg, VA 23804
*Defendant-Appellant*

_____
Michael L. Rosenthal
David D. Metcalf
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
202-662-6000
*Counsel for Defendant-Appellant*
*Antwaine Lamar McCoy*

29